MILLER, Presiding Judge,
dissenting.
I respectfully dissent to the majority’s opinion, because the Eichholz firm has presented some evidence at the summary judgment stage to raise a question of fact for the jury with respect to the value of the services provided by the Eichholz firm.
As the majority correctly notes, the services provided in this case by the Eichholz firm go beyond mere rainmaking, and provided some *768 value to the clients. The amount, if any, of fees recoverable for such services remains to be answered in full. Nevertheless, I cannot agree with the majority’s conclusion that the trial court properly granted summary judgment to the Tate firm. Contrary to the majority’s opinion, the Eichholz firm was not required to prove the value of the services it provided at the summary judgment stage of these proceedings. “Questions of value are peculiarly for the determination of the jury where there is any data in evidence upon which [the jury] may legitimately exercise their own knowledge and ideas.” (Citation and punctuation omitted; emphasis supplied.) Tolson v. Sistrunk, 332 Ga. App. 324, 334 (2) (b) (772 SE2d 416) (2015). There is evidence in the record of such data sufficient to put this case before a jury. Accordingly, I would reverse the grant of summary judgment in this case.
Decided March 30, 2016 —
Reconsideration denied April 14, 2016
Lloyd D. Murray, Sr.; Jackson & Schiauone, Michael G. Schiavone, for appellant.
Savage, Turner & Pinckney, Robert B. Turner; Scheer & Montgomery, Steven E. Scheer, for appellees.